**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

YUPENG CAO,

Petitioner,

v.

J. JOHNSON, WARDEN, ET AL.,

Respondents.

No. ED CV 26-3602-MRA(E)

ORDER ACCEPTING IN PART FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE

(A# 209-182-543)

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all of the records herein and the Report and Recommendation of United States Magistrate Judge. Further, the Court has engaged in a *de novo* review of those portions of the Report and Recommendation to which any objections have been made.

The Report recommends the release of Petitioner from immigration detention and an order prohibiting his further detention unless he is given notice and a pre-deprivation bond hearing before a neutral decisionmaker. (ECF No. 18.) Based on some of Respondents' objections to the Report, which have merit, this Court accepts the findings of the Magistrate Judge but orders a narrower form of relief.

As an initial matter, the Court accepts the Magistrate Judge's finding that there was a procedural due process violation. Unlike most immigration detainees from recent habeas cases, Petitioner had not previously been detained and then released on conditions. But as the Report reasonably found, "[f]or constitutional purposes, there should be no material difference between an alien released from detention by immigration authorities and an alien whom immigration authorities previously chose not to detain." (ECF No. 18 at 4.) The Court finds persuasive a decision cited by the Report which found the distinction "specious" for constitutional purposes. *See Kharitonova v. Albarran*, 2026 WL 531441, at *2 (N.D. Cal. Feb. 25, 2026). Other Courts have reached the same conclusion, by finding that detainees with circumstances similar to those of Petitioner have a constitutionally protected liberty interest. *See, e.g., Orozco-Salazar v. Warden Desert View Facility, Adelanto*, 2026 WL 2497334, at *3 (C.D. Cal. Aug. 25, 2026) ("District courts generally reason that 'the government's *knowing* decision not to detain an individual creates a liberty interest in their continued release.'") (quoting *Anderson v. Chernut*, 2026 WL 809990, at *2 (E.D. Cal. Mar. 24, 2026), and citing similar cases); *Garcia v. Albarran*, 2026 WL 1879641, at *4 (N.D. Cal. June 30, 2026) ("Courts . . . apply this principle to individuals 'who have never been in immigration custody,' finding that 'years of deliberate acquiescence by' the government may give rise to a liberty interest in being free from detention") (quoting *Abdeltawab v. Armant*, 2026 WL 1045564,at *2 (C.D. Cal. Apr. 13, 2026), and citing similar cases); *Zhou v. Warden of the California City Immigration Processing Center*, 2026 WL 2666139, at *4 (E.D. Cal. Sept. 10, 2026) ("This Court further observes that courts have found protected liberty interests where the government knew of the noncitizen's continued presence in the United States and yet took no action to detain the noncitizen for months or years after their visa expired.") (citing cases).

However, the gravamen of Respondents' objections is directed at the Report's recommended remedy of Petitioner's immediate release and restrictions on his future detention. (ECF No. 19.) The Court agrees with the objections in part, and finds that immediate release is not warranted at this time, given the particular circumstances of this case. Specifically, the

circumstances reflect that Petitioner failed to exhaust the recent adverse bond decision by an Immigration Judge ("IJ") and that Petitioner was arrested and/or currently faces criminal charges for: (1) reckless driving on a highway; (2) battery against a spouse/ex-spouse/dating partner, (3) manufacture/sale of a large capacity magazine, (4) illegal possession of an assault weapon, and (5) ownership of a firearm without a serial number. (ECF No. 13-1 at 8.)

A District Court "has broad discretion in conditioning a judgment granting habeas relief. Federal courts are authorized, under 28 U.S.C. § 2243, to dispose of habeas corpus matters 'as law and justice require.'" *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987). The Court has considered the particular circumstances of this case to determine whether another bond determination would be the more appropriate remedy. The Court agrees with the Report that the IJ's recent bond determination misallocated the burden of proof and was conclusory. (ECF No. 18 at 6.) But it is not clear that these infirmities could not be cured at another bond hearing. *Cf. Mathon v. Searls*, 623 F. Supp. 3d 203, 218 (W.D. N.Y. 2022) (declining to order another bond hearing where remanding for another bond hearing would serve no purpose in that case). For example, evidence of Petitioner's ties to the United States, potential sureties, prior arrests and/or pending criminal charges could be probative to an IJ's bond determination. *See Calvillo v. Chestnut*, 2026 WL 253627, at *3 (E.D. Cal. Jan. 31, 2026) ("[A]n immigration judge may consider all evidence, not just criminal convictions, when considering a noncitizen's request for custody redetermination.").

Moreover, the Court "recognizes that the government has 'countervailing interests in immigration enforcement' – such as evaluating whether an individual is a flight risk or danger to the community – that can be satisfied with a narrowly tailored remedy." *Eljaraouy v. Casey*, 2026 WL 959759, at *1 (S.D. Cal. Apr. 8, 2026) (ordering a bond hearing rather than immediate release, and citing *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022)). Other Courts have ordered additional bond hearings rather than immediate release in circumstances similar to those presented here. *See, e.g., Ji v. Warden*, 2026 WL 1733618, at *7 (E.D. Cal.

June 16, 2026); *Cervantes Arredondo v. Baltazar*, 2025 WL 5236084, at *6 (D. Colo. Dec. 18, 2025); *De Paz Sales v. Barr*, 2019 WL 4751894, at *8 (N.D. Cal. Sept. 30, 2019); *see generally Lopez-Arevalo v. Ripa*, 801 F. Supp. 3d 668, 687-88 (W.D. Tex. 2025) (explaining why the appropriate remedy for a *procedural* due process violation, consisting of detention without a bond hearing that accords with due process, is a bond hearing before an IJ). The Court finds these decisions persuasive. Thus, the Court finds it appropriate to exercise its broad discretion to order another bond hearing rather than immediate release.

IT IS ORDERED that: (1) the Report and Recommendation is accepted and adopted in part; (2) Respondents will grant Petitioner (A# 209-182-543) another bond hearing within **ten (10) days of this Order**, during which the Government will bear the burden of proving, by clear and convincing evidence, that Petitioner is an unacceptable danger to the community or an unacceptable flight risk; and (3) within **three (3)** days of the bond hearing, Respondents shall file a status report in this case confirming that Petitioner has been provided with the bond hearing, describing the outcome of that hearing, and attaching the Immigration Judge's decision. Judgment shall be entered granting the Petition in part upon confirmation that Petitioner has received the required bond hearing in compliance with this Order.

IT IS FURTHER ORDERED that Respondents shall serve a copy of this Order and the Magistrate Judge's Report and Recommendation on Petitioner and file proof of service **within three (3) days of this Order.**

DATED: September 16, 2026

MONICA RAMIREZ ALMADANI
UNITED STATES DISTRICT JUDGE